UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-cr-00043-RLY-CSW |
| | ) | |
| MICHAEL W. BURRIS, SR., | ) | -01 |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On November 7, 2023, the Court held a hearing on the Petition for Summons for Offender Under Supervision filed on October 11, 2023. [Docket No.1725]. Defendant Michael W. Burris, Sr. appeared in person with his appointed counsel Erin Berger. The government appeared by Todd Shellenbarger, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Andrea Hillgoth.

This matter was referred to the Magistrate Judge to conduct a hearing and make a report and recommendation as to the disposition. [Docket No. 1727]. The defendant was advised that the District Judge is not bound to accept the Report and Recommendation.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

    1.    The Court advised Defendant Burris of his rights and provided him with a copy of the petition. Defendant Burris orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Burris admitted violation numbers 1, 2 and 3. [Docket No. 1725].

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon."**<br><br>On May 16, 2023, during a random home visit at the Burris' residence, dangerous weapons including knives, swords, and brass knuckles were observed in the home. |
| 2 | **"You shall not incur new credit charges, or open additional lines of credit without the approval of the probation officer."**<br><br>In April 2023, Michael Burris took out a loan for over $1,400 without permission from the probation office. He claims this loan was for the addition he built on his home.<br><br>The Court should also be aware in May 2022, prior to starting supervised release, Mr. Burris took out an auto loan for over $23,000. |
| 3 | **"Any unpaid restitution balance during the term of supervision shall be paid at a rate of not less than 10% of the defendant's gross monthly income."**<br><br>In February 2023, Michael Burris was advised his monthly payment plan would be $303 per month (10% of his gross monthly income). Each month since, he has failed to comply. |

4. The parties stipulated that:

    (a) The highest grade of violation is a Grade **C** violation.

      (b)      Defendant's criminal history category is **IV**.

      (c)      The range of imprisonment applicable upon revocation of Supervised release, therefore, is **6 to 12** months' imprisonment.

5.      The parties agreed defendant's wages be garnished in the amount of 15% of the defendant's gross monthly income, and the defendant executed a written wage garnishment in open court. The Court emphasized to the defendant the importance of ensuring the wage garnishment is implemented at his place of employment to which the defendant agreed.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release be modified to include an order on wage garnishment in the amount of 15% of the defendant's gross monthly income.

The parties have fourteen days to serve and file written objections with the District Judge as to this report and recommendation.

**Date: November 13, 2023**

*Crystal Wildeman* (signature)

Crystal S. Wildeman
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system.